

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 09, 2013.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-13546-CAG |
| | § | |
| MICHAEL P. DO, | § | |
| | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| NANCY BUI, | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 11-01027-CAG |
| v. | § | |
| | § | |
| MICHAEL P. DO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S COMPLAINT
UNDER 11 U.S.C § 523(a)(6)**

Came on to be considered the Complaint filed by Plaintiff, Nancy Bui ("Plaintiff") on April 1, 2011. The Court held a hearing on this matter on January 21, 2013, and took the following issue under advisement: whether the Defendant Michael P. Do ("Defendant") willfully and maliciously injured Plaintiff such that the debt arising from such injury is

1

nondischargeable under 11 U.S.C. § 523(a)(6). For the reasons stated herein, the Court finds that the debt is nondischargeable under 11 U.S.C. § 523(a)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding in which this Court can enter a final judgment pursuant to 28 U.S.C. § 157(b)(2)(I). This matter is referred to the Court under the District's Standing Order of Reference. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following represents the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

## FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding arises from a state court suit filed by Plaintiff seeking damages from Defendant for defamation per se in the 353rd Judicial District of Travis County, Texas (Cause no. D-1-GN-09-001567; Nancy Bui v. Michael P. Do and Se V. Train) (the "State Court Suit"). Plaintiff filed her cause of action in the State Court Suit on May 19, 2009 (ECF No. 11). Defendant filed a voluntary petition for Chapter 7 Bankruptcy with this Court on December 21, 2010 (No. 10-13536-CAG, ECF No. 1), allegedly in an effort to avoid paying a judgment from the State Court Suit. Plaintiff ultimately prevailed in the State Court Suit and a jury unanimously found Defendant liable for defamation and the court entered a judgment against Defendant. The Court awarded Plaintiff $800,000.00 in actual damages, $1,100,000.00 in exemplary damages, and $94,439.20 for pre-judgment interest.

While the State Court Suit was ongoing, Plaintiff filed this adversary proceeding (ECF No. 1) to assert the nondischargeability of debts arising from "willful and malicious injury" under 11 U.S.C. § 523(a)(6) (West 2012). Defendant filed a Motion to Dismiss and generally denied all of Plaintiff's allegations (ECF No. 7). The Court held a hearing on August 10, 2011

on the Motion and determined that it should abstain under 28 U.S.C. 1334(c)(1), remanding the underlying complaint for defamation to the state court for a trial on the merits (ECF No. 13).

After the State Court entered judgment against Defendant, this Court held a trial on January 31, 2013 to determine whether Defendant's conduct was "willful and malicious" and therefore nondischargeable under Section 523(a)(6) (ECF No. 25). Based on the evidence, testimony at trial, and Final Judgment and Verdict from State Court (ECF No. 15), this Court finds that Defendant willfully and maliciously injured Plaintiff, and therefore any debt arising from that injury is nondischargeable under 11 U.S.C. § 523(a)(6).

### PARTIES' CONTENTIONS

Plaintiff alleges the following acts demonstrate willful and malicious injury by the Defendant: (1) publishing a May 8, 2009 email containing specific defamatory remarks on Defendant's website, www.michaelpdo.com; and (2) asserting by innuendo that Plaintiff was a "communist," and "communist sympathizer," and that Plaintiff had communist ties and/or was a mole or spy for the Communist party in Vietnam.[1] The defamatory remarks, assertions, and innuendos were contained within Defendant's website, specifically in "Today's Trong Thuy" and "Wake Up Before It's Too Late" (articles posted on Defendant's website). The jury in the State Court Suit found by clear and convincing evidence that Defendant knew the specific allegations were defamatory and that the allegations by innuendo were defamatory. Further, the unanimous jury found by clear and convincing evidence that Defendant knew the specific allegations were false or made the specific allegations with a high degree of awareness that they were false, and also found that Defendant knew or strongly suspected that the website and emails presented a substantially false and defamatory impression.

---

[1] These enumerate acts were also the subject of the State Court Suit.

Plaintiff asserts that the judgment from the State Court Trial is nondischargable under 11 U.S.C. §523(a)(6) because it is a debt for a willful and malicious injury. Further, Plaintiff contends that her injuries arose from and were the result of Defendant's knowing and intentional publication of false and defamatory statements about the Plaintiff, which caused financial harm to the Plaintiff and to her business.

Defendant generally denies all of Plaintiff's allegations, and in Defendant's Motion for Denial and Dismissal of the Case ("Motion for Denial") (ECF No. 7) Defendant claims that he has never called Plaintiff a "communist", "communist spy", or "communist sympathizer" and that Plaintiff's business has not suffered any financial harm. Additionally, Defendant claims that Plaintiff is a public figure and that, as a political columnist, he can criticize a public figure.[2] The State Court Suit dispensed with that defense when a unanimous jury determined that the statements Defendant published were false at the time they were published.[3]

At trial, Defendant identified two articles, the previously mentioned "Today's Trong Thuy" and "Wake Up Before It's Too Late," as being the same articles that the jury in the State Court Trial found to be defamatory. Defendant stated that he had no plans to remove the article, "Today's Trong Thuy," from his website despite the fact that the State Court determined that the article was defamatory.[4] Plaintiff also presented evidence of an email that Defendant sent to members of the Vietnamese community which disclosed information about Plaintiff's personal

---

[2] This Court is tasked only with determining whether the debt created by the State Court Judgment can be discharged in Defendant's pending bankruptcy. The jury charge and final judgment from the State Court Trial make no mention of Plaintiff's possible status as public figure. Further, any status Plaintiff might have as a "public figure" is not relevant to this dischargeability determination.

[3] Even if Plaintiff could be considered a "public figure," the Texas Supreme Court has determined that nothing in the United States Supreme Court's jurisprudence precludes a public figure from claiming defamation based on a publication. The First Amendment requires that a public figure prove the falsity of the statements in order to prevail on such a claim, but in this case the State Court Trial conclusively found that all statements published by the Defendant were false. ***Turner v. KTRK Television, Inc.,*** 38 S.W. 3d 103 (2000).

[4] In fact, Defendant adamantly maintained that he would "never" remove the article (ECF No. 28).

financial assets (Pl's Ex. 8).[5] During direct examination, Defendant admitted to isolating Plaintiff and further stated that the Vietnamese community in Austin has also isolated Plaintiff since the publication of these articles. Additionally, Defendant, in his deposition and again on the stand during direct examination, stated that he had never seen Plaintiff do anything to harm the Vietnamese community.

Defendant's disregard, and borderline contempt, for the trial process was evident throughout the proceeding.[6] Defendant offered no evidence at trial to support a theory that the judgment rendered by the State Court was not willful and malicious and should be discharged.[7]

### FINDINGS OF FACT

Based on the evidence and testimony at trial, the Court finds that Defendant made defamatory statements about Plaintiff which Defendant knew at the time to be false and that Defendant made those statements with the specific intent to cause injury.

Defendant's actions in this case are sufficient to demonstrate that Defendant acted with, at minimum, subjective motive to inflict injury. *See **In re Williams***, 337 F.3d 504, 508-09 (5th Cir. 2003) (citing ***In re Miller***, 156 F.3d 598, 603 (5th Cir. 1998) (noting that an intentional tort often requires either objective substantial certainty of harm or subjective motive to do harm, and the presence of one of those factors is necessary and sufficient in determining whether injury is "willful"). Defendant's Motion for Denial highlights Defendant's significant activities within, and knowledge of, the Vietnamese community. Additionally, Defendant's motion and comments

---

5 Although the information Defendant sent was of public record, Defendant admitted to sending the information so that the recipients could infer that Plaintiff's money was given to her by the Communist Vietnamese government.

6 Defendant admitted on cross examination that he had in fact received the initial summons to appear in the State Court Trial (which led to a default judgment in favor of Plaintiff that was later set aside) and purposely chose not pick up the summons.

7 Indeed, Defendant offered no evidence whatsoever, relying instead upon the theory that Plaintiff's counsel "tricked" him throughout the proceedings.

at trial demonstrate an in-depth understanding of the cultural conflicts within the Vietnamese community regarding Communism. From these facts the Court can determine that Defendant was not only aware that his actions toward Plaintiff were substantially certain to result in harm to Plaintiff's reputation and business, but also that Defendant's intent was to inflict a willful and malicious injury on Plaintiff by tarnishing Plaintiff's reputation.

A defamation verdict in state court will not always support a finding of willful and malicious injury under 11 U.S.C. § 523(a)(6). *See* **In re Miller**, 156 F.3d 598, 605-06 (5th Cir. 1998). In **Miller,** the court addressed the issue of whether a Chapter 7 debtor acted in a manner at least substantially certain to result in injury when he misappropriated or misused his former employer's proprietary information. 56 F.3d at 598. The issue was not decided in the previous state court action against debtor because the jury found that debtor did not act with malice. *Id.* Therefore collateral estoppel did not apply to preclude litigation as to whether judgment debt fell within discharge exception for willful and malicious injury. *Id.*

In this case, however, the Court does not overlook the fact that a unanimous jury of Defendant's peers found that Defendant's allegations about Plaintiff were defamatory and that Defendant knew, with a high degree of awareness, that the allegations about Plaintiff were false at the time they were made. Evidence of the charge to the jury, submitted at trial in this Court, reflects that the jury found that Defendant published four statements about Plaintiff and that all of those statements were defamatory. Additionally, the jury determined that each of the statements was false at the time they were made and that Defendant knew the statements were false at the time they were made.

Defendant's admission at trial that he never witnessed Plaintiff take any action which might harm the Vietnamese community is further evidence that Defendant was aware of the

6

falsity of his statements at the time he made them. Defendant's overall posture towards Plaintiff, observed by the Court throughout the proceedings, also demonstrates that Defendant published the statements with the intent to cause injury to Plaintiff.[8] Defendant's intent to disregard the rights of others is evident from the fact that Defendant continues to refuse to remove an article from his website that the State Court determined to be defamatory.

Because of the evidence presented by Plaintiff at trial, Defendant's blatant disregard for the rights of Plaintiff, and Defendant's failure to produce any evidence indicating that he did not willfully and maliciously injure Plaintiff, the Court concludes that Defendant made defamatory statements about Plaintiff which Defendant knew at the time to be false, and that Defendant made those statements with the specific intent to cause injury.

## CONCLUSIONS OF LAW

Although debts are generally discharged in bankruptcy, the Code provides that certain debts are not dischargeable for individual debtors. Section 523(a)(6) of the Bankruptcy Code states that debts "for willful and malicious injury" are not dischargeable in a Chapter 7 case. 11 U.S.C. § 523(a)(6). The Supreme Court interpreted Section 523(a)(6) in *Kawaahau v. Geiger*, 523 U.S. 57 (1998), which considered willful and malicious injury the context of medical malpractice. The Court determined that the word "willful" modifies the word "injury" such that a debtor must have intended the injury which resulted and not simply intended to commit the act which resulted in the injury. *Id.* at 61. Furthermore, the Court held that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of [Section] 523(a)(6)." *Id.* at 64.

---

8 It did not escape the Court's notice that Defendant at one point approached Plaintiff in the courtroom and called her a traitor, nor that Defendant freely admitted to doing so during cross-examination.

7

After *Geiger*, the Fifth Circuit had an opportunity to further refine the willful and malicious standard in *In re Williams*. 337 F.3d 504 (5th Cir. 2003). Taking *Geiger* and earlier circuit precedent into account, the court found that the "test for willful and malicious injury . . . is condensed into a single inquiry of whether there exists 'either an objective substantial certainty of harm or a subjective motive to cause harm' on the part of the debtor." 337 F.3d at 509 (citing *In re Miller*, 156 F.3d 598, 603 (5th Cir. 1998)). To establish an objective substantial certainty of harm (the "objective test"), courts must "analyze whether the defendant's actions, which from a reasonable person's standpoint were substantially certain to result in harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *In re Powers*, 421 B.R. 326, 335 (Bankr. W.D. Tex. 2009). A subjective motive to cause harm (the "subjective test") is found when a "tortfeasor acts 'deliberately and intentionally, in knowing disregard of the rights of another.'" *In re Gharbi*, No. 08-11023-CAG, 2011 WL 831706 (Bankr. W.D. Tex. Mar. 3, 2011) *aff'd*, 2011 WL 2181197 (W.D. Tex. June 3, 2011) (citing *In re Miller*, 156 F.3d at 605-06 (adopting the definition of "implied malice" from *In re Nance*, 566 F.2d 602, 611 (1st Cir. 1977))). The Fifth Circuit test is an "either" test, meaning that a defendant can be found to have acted willfully and maliciously if a court finds that either objective test has been satisfied *or* if a court finds that the subjective test has been satisfied. *See In re Williams*, 337 F.3d at 509.

The standard of proof in a 523(a) dischargeability action is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). To establish nondischargeability, Plaintiff must therefore show by a preponderance of the evidence that Defendant willfully and maliciously caused Plaintiff's injuries. Although the Court made findings of fact that Defendant

8

acted with the specific intent to injure Plaintiff, the evidence independently demonstrates that Defendant acted with a subjective motive to cause harm.

The circumstances surrounding the case foreclose the possibility that Defendant acted without subjective intent to cause harm. The evidence demonstrates that Defendant repeatedly published statements about Plaintiff, and even went so far as to knowingly distribute materials in an effort for others to draw negative inferences about Plaintiff. Defendant's significant knowledge regarding the history of the Vietnam War, and his status within the Vietnamese community, indicate to the Court that Defendant's conduct was deliberate and intentional. Defendant was aware not only that the statements Defendant made were false, but also that the Vietnamese community would react negatively towards Plaintiff as a result of those statements, especially in consideration of the cultural background and community sensitivities, of which Defendant is particularly knowledgable.

Based on the evidence presented in this case and the judgment of the State Court, this Court cannot accept that Defendant did not make or publish the statements, that Defendant was not aware that such statements were false at the time they were made, and, despite their falsity, that Defendant made such statements in order inflict a willful and malicious injury on Plaintiff. The Court therefore finds that the "subjective test" is met and Defendant acted with the subjective intent to cause harm.

## Conclusion

The Court finds that Defendant willfully and maliciously injured Plaintiff and that any debts arising from the State Court judgment are nondischargeable under Section 523(a)(6) of the Bankruptcy Code.

9

IT IS, THEREFORE, ORDERED that the relief requested in Plaintiff's Complaint and 11 U.S.C. § 523(a)(6) Exception to Discharge is hereby GRANTED. The Court will enter a judgment contemporaneously with this Memorandum Opinion.

# # #